ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES RECURRIDA v. IDELIZA GÓMEZ OCASIO PETICIONARIA | TA2026CE00240 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Caso Núm.: CA2023CV01340 Sobre: Cobro de Dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de marzo de 2026.

El 19 de febrero de 2026, la señora Ideliza Gómez Ocasio (en adelante, la peticionaria o señora Gómez) compareció ante nos, por derecho propio e *in forma pauperis*, mediante un *Recurso de Certiorari Civil*. En su escrito, la peticionaria nos solicita, en esencia, que revisemos la *Sentencia* y la *Orden sobre Ejecución de Sentencia*, dictadas el 5 de junio de 2023 y el 16 de enero de 2026, respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, foro primario o TPI). Mediante los referidos dictámenes, el TPI declaró Ha Lugar la *Demanda* presentada, condenó a la parte al pago de $6,640.00, más intereses y costas, y, posteriormente, ordenó la ejecución de dicha sentencia.

El mismo día de la presentación del recurso, la peticionaria radicó una *Solicitud para Declaración de Indigencia* para que se le exima del pago del arancel. Luego de evaluada la referida solicitud, la misma se declara Ha Lugar, y en su consecuencia, se le exime del pago del arancel de primera comparecencia.

Por los fundamentos que exponemos más adelante, ***desestimamos*** el recurso de *certiorari* presentado.

**I.**

El 28 de abril de 2023, la Administración para el Sustento de Menores (en adelante, ASUME) presentó una *Demanda*[1] en cobro de dinero al amparo de la Regla 60 de Procedimiento Civil. En esta, alegó que la peticionaria adeudaba la suma de $6,640.00 por concepto de un pago indebido efectuado por ASUME, que no le correspondía a la señora Gómez.

El 9 de mayo de 2023 el TPI expidió una *Notificación y Citación de Cobro de Dinero*[2] mediante la cual se citó a la peticionaria para la vista a celebrarse el 5 de junio de 2023, por videoconferencia. Dicha citación fue diligenciada a la señora Gómez por correo certificado con acuse de recibo, el 17 de mayo de 2023.[3]

Llegado el día señalado para la Vista de Regla 60, ASUME compareció representada por su abogado y la peticionaria no compareció ni se excusó por su incomparecencia.[4] Ante ello, el foro primario le anotó la rebeldía y dictó *Sentencia*[5] declarando Ha Lugar la *Demanda* presentada. En consecuencia, condenó a la señora Gómez al pago de $6,640.00, más el interés legal de 4.50% a computarse a partir de dictada la sentencia; así como las costas incurridas en el caso. Según consta del expediente, la *Sentencia* fue dictada el 5 de junio de 2023 y notificada a la peticionaria en la misma fecha, a su dirección postal.[6]

El 26 de junio de 2023, la peticionaria compareció por derecho propio y alegó que no tenía conocimiento de la citación para la vista del 5 de junio de 2023, que había recibido una carta, pero que no sabía que era del Tribunal

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 2 del SUMAC del TPI.
[3] Entrada Núm. 3 del SUMAC del TPI.
[4] Entrada Núm. 9 del SUMAC del TPI.
[5] Entrada Núm. 7 del SUMAC del TPI.
[6] Véase *Notificación* en la Entrada Núm. 7 del SUMAC del TPI.

y la había extraviado y que la alegada deuda no le correspondía a ella, sino al padre no custodio.[7] Atendida la *Moción*, el foro primario emitió una Orden el 26 de junio de 2024 mediante la cual le indicó a la peticionaria que la comunicación a la que hacía referencia era la citación conforme a las disposiciones de la Regla 60 de Procedimiento Civil.[8] La parte peticionaria no solicitó reconsideración de la Orden del 26 de junio de 2023 ni apeló la Sentencia dictada el 5 de junio de 2023.

Posteriormente, el 31 de diciembre de 2025, ASUME presentó un *Escrito Solicitando Ejecución de Sentencia*[9], que fue declarada Con Lugar por el foro primario el 12 de enero de 2026.[10]

El 23 de enero de 2026, la señora Gómez presentó una *Moción*[11] solicitando reconsideración de la orden sobre ejecución de sentencia, alegando que el dinero que le estaban cobrando no le correspondía pagarlo a ella y que el 23 de abril de 2014, en un caso ante ASUME, se había emitido una determinación respecto a esa deuda, mediante la cual se acordó que el dinero recibido por la peticionaria, de tener que ser devuelto, sería pagado por el padre no custodio.

El TPI emitió una *Orden*[12] para que la recurrida expresara su posición sobre la solicitud de la peticionaria.

Luego, el 11 de febrero de 2026, ASUME presentó una *Moción en Cumplimiento de Orden*[13] en la que indicó que había intentado acordar un plan de pago con la señora Gómez, pero que ésta se negó. Además, en su escrito, la recurrida reiteró que la *Sentencia* había advenido final y firme y que la peticionaria había sido debidamente citada y notificada de la vista de Regla 60, pero que por su propia omisión al hacer caso omiso de la

---

[7] Entrada Núm. 10 del SUMAC del TPI.
[8] Entrada Núm. 11 del SUMAC del TPI.
[9] Entrada Núm. 12 del SUMAC del TPI.
[10] Entrada Núm. 15 del SUMAC del TPI.
[11] Entrada Núm. 16 del SUMAC del TPI.
[12] Entrada Núm. 17 del SUMAC del TPI.
[13] Entrada Núm. 22 del SUMAC del TPI.

correspondencia no compareció. Por ello, solicitó la continuación de los procedimientos de ejecución.

Ese mismo día, la peticionaria presentó una nueva *Moción*[14] reiterando su solicitud de que se detuviera la orden de ejecución de sentencia y alegó que no se había enterado de la vista por lo que no pudo comparecer.

Evaluados los planteamientos de las partes, el 12 de febrero de 2026, el foro primario dictó una *Orden sobre Continuación de los Procedimientos*[15] en la que dispuso que la sentencia era final y firme y que la señora Gómez fue debidamente citada conforme los procedimientos de Regla 60. A su vez, ordenó continuar los procedimientos.

Asimismo, el TPI emitió una *Orden*[16] mediante la cual declaró No Ha Lugar la solicitud para detener la ejecución de la sentencia.

El día siguiente, el 13 de febrero de 2026, en atención a una *Moción*[17] de la peticionaria para que se le concediera el plan de pago ofrecido por ASUME, el foro primario ordenó a las partes a reunirse y discutir el asunto.[18]

Así las cosas, el 19 de febrero de 2026, ASUME compareció y notificó al tribunal que las partes habían llegado a un acuerdo, mediante el cual se estableció un plan de pago para que la peticionaria pudiera pagar la deuda.[19] Con su escrito, acompañó un *Plan de Pago* firmado por la señora Gómez el 17 de febrero de 2026, en el que se indica, entre otras cosas, que la peticionaria se acogió al mismo libre y voluntariamente, sin ser coaccionada y que ASUME renunciaba a cualquier interés legal o de otro tipo sobre la deuda descrita y al pago de honorarios y costas.

En la misma fecha, la peticionaria presentó otra *Moción*[20] en el TPI, donde, nuevamente, solicitó el relevo de sentencia y que se dejara sin efecto

---

[14] Entrada Núm. 24 del SUMAC del TPI.
[15] Entrada Núm. 23 del SUMAC del TPI.
[16] Entrada Núm. 25 del SUMAC del TPI.
[17] Entrada Núm. 26 del SUMAC del TPI.
[18] Entrada Núm. 27 del SUMAC del TPI.
[19] Entrada Núm. 28 del SUMAC del TPI.
[20] Entrada Núm. 30 del SUMAC del TPI.

la rebeldía bajo la Regla 49.2 de Procedimiento Civil. En esta, repitió las mismas alegaciones de las mociones anteriores en las que señalaba que no había tenido conocimiento real de la vista de Regla 60, por lo cual, solicitó que se dejara sin efecto la sentencia en rebeldía y que se señalara una nueva vista.

De otra parte, ese mismo día, la señora Gómez presentó ante nos el recurso de epígrafe en el que señala que el TPI cometió los siguientes errores:

**ERROR 1: ERRÓ EL TRIBUNAL AL DECLARAR EN REBELDÍA A LA COMPARECENCIA [sic] SIN QUE ESTA TUVIERA CONOCIMIENTO REAL DE LA VISTA, PRIVAND[Ó]LA DE SU DERECHO AL DEBIDO PROCESO DE LEY.**

**ERROR 2: ERRÓ EL TRIBUNAL AL PROCEDER SIN ASEGURARSE QUE LA COMPARECIENTE FUE DEBIDAMENTE NOTIFICADA DE LA VISTA.**

**ERROR 3: ERRÓ EL TRIBUNAL AL ORDENAR EL PAGO DE UNA DEUDA QUE PREVIAMENTE HABÍA SIDO ADJUDICADA AL PADRE NO CUSTODIO MEDIANTE DETERMINACIÓN DEL TRIBUNAL DE ASUME EL 23 DE ABRIL DE 2014.**

En esencia, la peticionaria reitera ante este Tribunal los mismos planteamientos que formuló previamente ante el foro primario, insistiendo en que no tuvo conocimiento real de la vista de Regla 60 y que la deuda reclamada no le correspondía conforme a una determinación previa de ASUME.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus

méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, y la Regla 32 (c) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 32 (c), pág. 47, disponen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia deberán ser presentados dentro del término de **treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. Dicho término es de cumplimiento estricto**, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari. (Énfasis nuestro).

De otra parte, las Reglas 52.2 (b) de Procedimiento Civil, *supra*, y la Regla 13 (a) del Reglamento del Tribunal de Apelaciones, *supra*, establecen que los recursos de apelación al Tribunal de Apelaciones **contra las sentencias** dictadas por el Tribunal de Primera Instancia se presentarán **dentro del término jurisdiccional de treinta días (30) contados desde el archivo en autos de una copia de la notificación de la sentencia** dictada. (Énfasis nuestro).

Asimismo, la Regla 47 de Procedimiento Civil, *supra*, dispone que "[l]a parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia, y que "una vez

presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes."

## B. Jurisdicción

La jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

## C. Academicidad

Es norma reiterada que, los tribunales pueden evaluar únicamente aquellos casos que son justiciables. En su consecuencia, solamente debemos intervenir en controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011).

El principio de justiciabilidad exige que los tribunales se expresen sobre "controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *Noriega v. Hernández Colón,* 135 DPR 406, 421 (1994), citando a *ELA v. Aguayo,* 80 DPR 552, 558-559 (1958). Por ello, debe existir una controversia

definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés antagónico. *Id.*

Como es sabido, la doctrina de academicidad es un corolario del principio de justiciabilidad, pues un caso académico no es justiciable. La razón para ello es que, al emitirse el fallo o sentencia sobre el asunto, este no tendrá efecto práctico sobre las partes. *ELA v. Aguayo, supra*, pág. 584. Un caso se torna académico cuando el transcurso del tiempo o **el cambio en los hechos desde el momento en que se originó el caso tornan en ficticia la solución de la controversia entre las partes.** *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). (Énfasis nuestro). Por consiguiente, **la doctrina de academicidad requiere que exista una controversia genuina entre las partes durante todas las etapas de un procedimiento adversativo; incluyendo la etapa de apelación o revisión.** *Noriega v. Hernández Colón, supra*, pág. 437. (Énfasis nuestro).

### III.

En el presente caso, los errores planteados por la peticionaria están dirigidos contra la *Sentencia* dictada el 5 de junio de 2023, mediante la cual se le anotó la rebeldía y se declaró Ha Lugar la *Demanda*. Conforme a la normativa antes expuesta, dicha sentencia debía impugnarse mediante recurso de apelación dentro del término jurisdiccional de treinta (30) días contados desde su notificación. Del expediente surge que la *Sentencia* fue notificada el 5 de junio de 2023 y no fue apelada dentro del término correspondiente, por lo que advino final y firme. El recurso presentado en febrero de 2026 constituye una impugnación tardía de esa determinación, y este Tribunal carece de jurisdicción para atenderlo en sus méritos.

En cuanto al tercer señalamiento de error, aun si se obviara lo anterior, el mismo se ha tornado académico. Ello así, pues el 17 de febrero de 2026 la peticionaria suscribió un acuerdo extrajudicial aceptando un plan de pago, mediante el cual ASUME incluso renunció a intereses y costas. A la luz de

ello, no subsiste una controversia real y viva que requiera la intervención de este Tribunal.

En consecuencia, procede la desestimación del recurso.

**IV.**

Por los fundamentos antes esbozados, procedemos a ***desestimar*** el recurso de *Ceriorari* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones